**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Mike Russell, Respondent,

v.

Randolph Gill and Pennsylvania Life Insurance Company, Defendants,

Of Which Pennsylvania Life Insurance Company is the Appellant.

Appellate Case No. 2014-000671

Appeal From Lexington County
Eugene C. Griffith, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-177
Submitted December 1, 2015 – Filed April 13, 2016
Withdrawn, Substituted and Refiled June 1, 2016

**REVERSED AND REMANDED**

D. Lawrence Kristinik, III, Michael J. Anzelmo, and Kristen E. Horne, all of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Appellant.

Ralph Nichols Riley, Jr., of Smith and Thomas, P.A., of West Columbia; S. Jahue Moore and John Calvin

Bradley, Jr., both of Moore Taylor Law Firm, P.A., of West Columbia, for Respondent.

**PER CURIAM:** Respondent Mike Russell filed this action against Appellant Pennsylvania Life Insurance Company (Penn Life) and insurance agent Randolph Gill, alleging bad faith refusal to pay benefits pursuant to a disability insurance policy, breach of contract to procure insurance, and breach of contract. Penn Life asserted, among other defenses, that an intoxication exclusion clause in the policy at issue barred Russell from receiving additional benefits. Penn Life also counterclaimed for a declaratory judgment that the intoxication exclusion barred Russell from continuing to receive monthly benefit payments. At issue in this appeal is the trial court's ruling on Penn Life's declaratory judgment claim that Penn Life could not enforce the intoxication exclusion because it failed to provide sufficient proof of delivery of the accident disability policy on which Russell's claim for benefits was based. We reverse and remand.[1]

Russell first applied for the policy in 1999. According to a specimen policy presented during trial, Penn Life would "not be liable for any loss which result[ed] from [the insured] being: (1) intoxicated; or (2) under the influence of any narcotic unless taken on the advice of a Physician." In 2002, when Russell increased his monthly disability benefits, Gill gave Russell a receipt with similar language. Russell did not dispute that his policy with Penn Life included the intoxication exclusion.

On the evening of June 18, 2008, Russell was thrown from his motorcycle when, while preparing to exit onto Interstate 26 toward Charleston, he crashed into the back of a car that was stopped along the left side of the exit ramp. Prior to the crash, the car's driver was retrieving a cell phone that had fallen near her brake and accelerator pedals. The car lights were on, and the right-rear corner of the car was over the white line by "not more than two feet." There was no evidence of any attempt by Russell to stop his motorcycle before the collision. Russell, unconscious after the impact, was hospitalized for serious injuries to his left leg and hip. Tests administered at the hospital showed his blood alcohol level was over the legal limit for intoxication. According to the accident report, the primary contributing factor to the collision was Russell's driving under the influence;

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

however, the report also showed the other driver contributed to the accident because she stopped her vehicle without removing it completely from the roadway. Russell and the other driver were issued tickets, but the citations in both cases were dismissed.

In August 2008, Russell submitted a claim form to Penn Life for disability benefits under the policy. Initially, Penn Life paid benefits to Russell; however, in November 2009, it learned that alcohol may have been involved in Russell's accident. Based on this information, Penn Life commenced an investigation and issued a reservation of rights letter to Russell. On February 10, 2010, Russell filed this action against Penn Life, alleging causes of action for bad faith refusal to pay first-party benefits, breach of contract to procure insurance, and breach of contract.[2] In June 2010, Penn Life filed an amended answer that included a counterclaim for a declaratory judgment that Russell's loss was not covered under the policy because of the intoxication exclusion.

The trial court heard the matter without a jury in December 2012. By order dated June 7, 2013, the court found Penn Life was barred by statute from enforcing the intoxication exclusion because its proof of the delivery of the policy was insufficient. The court specifically declined to reach the issues of whether Russell was intoxicated at the time of the accident and, if he was intoxicated, whether his intoxication contributed to his accident. Penn Life moved to alter or amend this ruling. Following a hearing, the trial court issued a Form 4 order denying Penn Life's motion. Penn Life appeals.

1.     The trial court based its finding that Penn Life could not enforce the intoxication exclusion on section 38-71-30 of the South Carolina Code (2015). Penn Life argues the trial court interpreted section 38-71-30 incorrectly. We agree.

Section 38-71-30 provides as follows:

> Every insurer doing accident or health insurance business in the State shall deliver with each policy of insurance issued by it a copy of the application made by the insured so that the whole contract appears in the application and policy of insurance. If the insurer violates this

---

[2] Gill was also named as a defendant in this action, but was later dismissed.

> requirement, no defense is allowed to the policy *on account of anything contained in or omitted from the application.* If the insurance policy is issued upon an oral application, no defense is allowed to the policy on account of anything contained in or omitted from the oral application.[3]

(emphasis added). The question of whether section 38-71-30 prohibited Penn Life from enforcing the intoxication exclusion can be resolved without resorting to rules of statutory interpretation. *See Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning."). Under section 38-71-30, the penalty to an insurer for violating this section is limited to a prohibition against the insurer's use of any defense "on account of anything contained in or omitted from the application." The statute does not include any language barring an insurer from asserting any defenses contained within the policy itself.[4] Because the intoxication exclusion is within the policy itself, rather than within the application, we hold section 38-71-30 does not prohibit Penn Life form enforcing it.

2.    Penn Life argues that even though the trial court did not determine whether Russell was intoxicated at the time of the accident or whether his alleged intoxication was a contributing factor to his accident, this court has authority to

---

[3] This version of the statute was in effect when Russell purchased the policy in 1999 and has remained unchanged since that time.

[4] In its brief, Penn Life argues other reasons to reverse the trial court's decision to prohibit its use of the intoxication exclusion, namely that (1) Russell admitted receiving notice of the exclusion when he increased his benefits in 2002, and (2) public policy is not served by allowing a voluntarily intoxicated adult to recover from injuries resulting from his own illegal conduct. Because our decision to reverse the trial court's ruling is based solely on the plain and unambiguous language of section 38-71-30, we decline to address these arguments. *See Futch v. McAllister Towing Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive of the appeal).

rule on the issue and should do so in the interest of judicial economy. We disagree.

The record includes conflicting evidence on the questions of whether Russell was intoxicated and, if so, whether his injuries resulted at least in part because of his intoxication. Although Russell admitted he bought several drinks at a restaurant shortly before his accident, he claimed some of them were consumed by other people. He also testified he was not "buzzed" when he left the restaurant on his motorcycle and disputed the accuracy of the blood alcohol readings that indicated his blood alcohol level to be over the legal limit for intoxication. Furthermore, contrary to Penn Life's assertion that the other vehicle was almost completely off the roadway, there was evidence that it may have protruded into the lane of traffic by as much as two feet. Given these conflicts in the evidence, some of which involve credibility assessments, we cannot decide based on the record presented in this appeal whether Penn Life, as the party seeking declaratory relief, met its burden by the greater weight or preponderance of the evidence.[5] *See Vt. Mut. Ins. Co. v. Singleton*, 316 S.C. 5, 10, 446 S.E.2d 417, 421 (1994) ("Where an action is filed for declaratory judgment seeking affirmative relief, the movant must prove his material allegations by a preponderance of the evidence."); *S. Realty & Constr. Co. v. Bryan*, 290 S.C. 302, 313-14, 350 S.E.2d 194, 200 (Ct. App. 1996) ("An appellate court will not ordinarily become involved in judging the credibility of witnesses. Such is a function of the trier of fact."). We therefore remand this case to the trial court to make its own findings, based on the prior proceedings before it, as to whether Penn Life can enforce the intoxication exclusion.

**REVERSED AND REMANDED.**

**HUFF, A.C.J, and WILLIAMS and THOMAS, JJ., concur.**

---

[5] In this court's prior opinion, we noted certain pages were not included in the record on appeal. Although these pages were missing from the bound copies of the record on appeal the appellant provided to the court, counsel for the appellant has correctly advised the court that the unbound original record on appeal filed with the Clerk's Office was not missing any pages. We have reviewed the pages that did not appear in the bound copies and conclude they do not contain any information that would change our holding on any issue presented in this appeal.